## MATILDA VERES, ADMX.

vs.

## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, ET AL.

Superior Court       Fairfield County       File #50398

Present:   Hon. ALFRED C. BALDWIN, Judge.

Shapiro, Goldstein & Brody,  Attorneys for the Plaintiff.

Martin E. Gormley;
Delaney, Murphy & Kotler,    Attorneys for the Defendants.

## MEMORANDUM FILED OCTOBER 20, 1936.

BALDWIN, J.   This case was assigned for trial for Tuesday, September 22, 1936.   It was not reached at the time assigned for trial, but counsel answered, "Ready", each court day until September 29th when it was reached and went on trial, continuing until late in the afternoon of September 30th, when the verdict for the plaintiff was returned by the jury.

Counsel for the plaintiff urges upon the court that since this defendant on September 22nd knew that one Irving Stanton might be a material witness in the case, it "should have made a motion for the postponement or the continuance of the cause on account of the absence of Irving Stanton, if

it believed that he was a material witness", and calls attention to **Sec. 67, on page 37 of the Practice Book** and urges that since it did not make such motion it did not act with due diligence in relation to this matter in connection with the witness Stanton.

James J. Kerwin, the other defendant in this action, was an agent in the employ of this defendant over a period of time including the date of the injuries and death of plaintiff's decedent. Upon the trial it was claimed he was operating his automobile within the scope of his employment at the time of the accident. In support of this claim Kerwin testified that between six-thirty and seven-thirty P. M., on October 3, 1935, the day of the accident and just preceding it, he had collected from Irving Stanton an insurance premium on a policy sold by him for this defendant to Stanton.

It is claimed upon this motion that since on September 22nd and thereafter until and including the time the trial was commenced, this defendant, being then informed that Kerwin would testify to having collected an insurance premium at the Palm's Restaurant from Stanton shortly before the accident, should have made the motion for a continuance under the provisions of the rule referred to.

The foregoing includes the extent of the knowledge this defendant had concerning Stanton. His whereabouts were wholly unknown, and what he would testify to, if located, were equally unknown. It might be, so far as this defendant knew, that Stanton would corroborate Kerwin. With the meagre knowledge this defendant had concerning this matter it does not appear that it was in position to move for a postponement of the trial, and if it had, under the circumstances, it is highly improbable the court would have granted a continuance. However, this defendant, upon learning of the fact that Kerwin would so testify, it set about a most diligent search for Stanton for the purpose of inquiring from him concerning the payment of any premium to Kerwin, as advised Kerwin would testify and as he did testify, and this search was pursued by this defendant with unusual diligence daily from September 22nd to October 2nd (both of these dates inclusive) when Stanton was located somewhere in Michigan.

Stanton appeared as a witness in support of this motion and testified that in July, 1935, he gave Kerwin an application for

a life insurance policy paying at the time thereon thirty cents and upon delivery of the policy paid another premium of thirty cents and then another like premium and that in July or August of 1935, he advised Kerwin to let the policy lapse, that he did not want the insurance and to drop it, and thereafter paid no premium; that on October 3, 1935, he did not pay Kerwin any premium as testified by Kerwin and had no conversation with Kerwin relating to insurance and at that time had no such policy of insurance.

This evidence was discovered after the conclusion of the trial. It was the result of an unusually diligent search for Stanton in Bridgeport, Greenfield, Massachusetts and several places in Michigan. It is directly in conflict with the testimony of Kerwin and is upon the very issue that concerns this defendant.

Kerwin further testified, in support of his claim that he was, at the time of the accident acting within the scope of his employment, that he was "going to Black Rock to see a party concerning insurance". He did not, however, go to Black Rock, but went directly home. In another part of his testimony he said he was going home to supper and was then going to Black Rock after supper to attend a meeting, the nature of which was not disclosed.

In another part of Kerwin's testimony he denied that he struck and killed plaintiff's decedent, and at another time he testified that he did not know whether or not he struck and killed him.

There was other contradictory evidence in this testimony of his, including evidence of his admission of such facts and also of his having pleaded guilty to a criminal charge of evading responsibility for having caused the death.

The claim that Kerwin was acting within the scope of his employment rested, substantially, upon his testimony relating to the collection of the insurance premium from Stanton on the evening of October 3, 1935, shortly before the accident. This newly-discovered evidence squarely meets that claim, and it is not cumulative.

With the varying statements of Kerwin relating to his going to Black Rock and what he in fact did, the undisputed testimony of his having admitted striking the decedent; his denial

of having struck and killed him, and his admission of pleading guilty to the criminal charge of evading responsibility for causing the decedent's death, it is most highly probable that the jury would not have found that he had just collected the insurance premium as claimed by him and that at the time of the accident he was not acting within the scope of this defendant's employment.

This newly-discovered evidence, diligently enquired after and obtained, is material upon the essential issue as to this defendant and is not cumulative. It is probable that with the presentation of this evidence the jury would arrive at a different result.

The motion to set aside the verdict and to grant a new tria. as to this defendant is therefore granted.